UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:21-cv-02654-TPB-JSS

RESTY GONZALEZ,

    Plaintiff,

v.

FINANCE SYSTEM OF RICHMOND,
INC.

    Defendant.
_____/

## **DEFENDANT, FINANCE SYSTEM OF RICHMOND, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW, Defendant, FINANCE SYSTEM OF RICHMOND, INC. ("FSR"), and files its Answer and Affirmative Defenses to the Plaintiff's Complaint in the above-entitled matter, denies each and every allegation in the Complaint [**DE 1**], unless otherwise admitted or qualified in this Answer, and states and alleges as follows:

### **JURISDICTION AND VENUE**

1. Admitted for purposes of subject matter jurisdiction based on the unverified allegations contained in the Complaint and venue only; otherwise denied if the actual facts demonstrate a lack of standing under Article III.

2. Admitted for purposes of personal jurisdiction and venue only.

1

3. Admitted for purposes of personal jurisdiction only.

4. Admitted for purposes of venue only; otherwise, denied.

## PARTIES

5. Admitted for purposes of jurisdiction and venue only; otherwise denied.

6. Admitted for purposes of jurisdiction and venue only; otherwise denied.

## DEMAND FOR JURY TRIAL

7. Defendant demands trial by jury regarding any issues of fact and law that remain following the ruling on any dispositive motions filed herein.

## PLAINTIFF'S ALLEGATIONS

8. Admitted to the extent that Defendant FSR was retained, by the original creditor, to seek repayment for an unknown debt from the Plaintiff; otherwise denied.

9. Unknown at this time; therefore denied.

10. Unknown at this time; therefore denied.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted to the extent that Defendant FSR utilizes a third-party vendor to assist in the preparation and mailing of written communications to its patient/debtors. The information provided is not "disclosed" to the third party as all information is conveyed and transferred through secured intermediaries to prohibit unauthorized disclosure of information in the production of the correspondence.

21. Admitted to the extent that Defendant FSR utilizes a third-party vendor to assist in the preparation and mailing of written communications to its patient/debtors. The information provided is not "disclosed" to the third party as all information is conveyed and transferred through secured intermediaries to prohibit unauthorized disclosure of information in the production of the correspondence.

22. Admitted to the extent that Defendant FSR utilizes a third-party vendor to assist in the preparation and mailing of written communications to its patient/debtors. The information provided is not "disclosed" to the third party as all information is conveyed and transferred through secured

intermediaries to prohibit unauthorized disclosure of information in the production of the correspondence.

23. Denied. Defendant demands strict proof thereof.

24. Denied. Defendant demands strict proof thereof.

25. Unknown at this time; therefore denied.

26. Admitted.

27. Admitted.

28. Denied. Defendant demands strict proof thereof.

29. Admitted to the extent that Exhibit A contains a QR code; otherwise denied.

30. Admitted.

31. Denied. Defendant demands strict proof thereof.

32. Denied. Defendant demands strict proof thereof.

## Count 1
## 15 U.S.C. § 1692c(b)

33. FSR incorporates by reference all its answers to the above paragraphs of the Complaint as though fully stated herein.

34. Admitted to the extent that 15 U.S.C. § 1692c(b) of the FDCPA is self-evident in its entirety; and, thus, denied as to any aspects or interpretations other than the plain full reading of the same.

35. Denied. Defendant demands strict proof thereof.

36. To the extent this paragraph is construed to pertain to Defendant, this allegation is denied; Defendant demands strict proof thereof.

## Count 2
## FLA. STAT. § 559.72(5)

37. FSR incorporates by reference all its answers to the above paragraphs of the Complaint as though fully stated herein.

38. Admitted to the extent that § 559.72(5), *Fla. Stat.*, of the Florida Consumer Collection Practices Act is self-evident in its entirety; and, thus, denied as to any aspects or interpretations other than the plain full reading of the same.

39. Denied.

40. To the extent this paragraph is construed to pertain to Defendant, this allegation is denied; Defendant demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant affirmatively alleges that Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents, or principals.

### Second Affirmative Defense

Defendant affirmatively asserts that it had authorization and/or consent to communicate information about the Plaintiff to third-party vendors

pursuant to documentation of consent for treatment and privacy agreements under HIPAA.

**Third Affirmative Defense**

Defendant affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "bona fide error" defense pursuant to the Fair Debt Collection Practices Act, ("FDCPA"), Section 1692k and/or Florida's Consumer Collection Practices Act ("FCCPA") since such actions or inactions, if they occurred, were not intentional and resulted from a bona fide error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such error.

**WHEREFORE,** Defendant, FINANCE SYSTEM OF RICHMOND, INC., requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, award reasonable attorney fees and costs as provided for under applicable law.

Dated this **5th day of November, 2021.**

Respectfully submitted,

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No.: 0101108
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 33751
Telephone: (407) 622-1772
Facsimile (407) 622-1884
*SKohlmyer@Shepardfirm.com*
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **November 5, 2021**, with the Clerk of the Court by using the electronic filing system. I further certify that the foregoing has been sent via electronic transmission to the following: Jibrael S. Hindi, Esquire at *jibrael@jibraellaw.com*, and Thomas Patti, Esquire at *tom@jibraellaw.com* *(Attorneys for Plaintiff)*.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esq., LL.M.
Florida Bar No.: 110108
skohlmyer@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Telephone (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant*